IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMILLIA D. OLSON, *an individual, Trustee Unit #715, Parcel No. 16-06-103-123-000, Member The Belvedere Association, An Association of Unit Owners under the Utah Condominium Ownership Act,*<br><br>Plaintiff,<br><br>v.<br><br>THE BELVEDERE ASSOCIATION, *Entity No. 5984477-01430 Utah Div. Corp., also known as Belvedere Condominiums, also known as The Belvedere HOA.*<br>Defendant. | AMENDED<br>MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-cv-527-DK-BCW<br><br>District Judge Dale A. Kimball |

Before the Court is Defendant the Belvedere Association's Motion to Dismiss for Failure to State a Claim and Plaintiff's Motion to Amend Complaint.[1]  The Court has carefully reviewed the Complaint,[2] and the Motions and the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine this Motion on the basis of the written memoranda and finds oral argument would not be helpful or necessary.[3]

For the reasons set forth more fully below, the Court finds that Plaintiff has failed to adequately state a claim for relief.  Plaintiff's Complaint and claims are fatally deficient under the Federal Rules of Civil Procedure.  In addition, the amendments sought by Plaintiff to the Complaint are futile.  Therefore, the Court ORDERS that the Belvedere's Motion to Dismiss be GRANTED and this case be DISMISSED *without prejudice.*  IT IS FURTHER ORDERED that

---

[1] Docket no. 7, 25.
[2] Docket no. 2.
[3] See DUCivR 7-1(f).

Plaintiff's Motion to Amend the Complaint be DENIED and based upon the dismissal of Plaintiff's Complaint, all other Motions currently pending before the Court in this case are DEEMED MOOT.[4]

## BACKGROUND

On July 28, 2014, the Court granted *pro se* Plaintiff Camillia D. Olson ("Plaintiff") leave to proceed *in forma pauperis*.[5]  On the same date, Plaintiff filed a Complaint against the Belvedere Association ("Defendant").  Defendant is the homeowner association which governs the condominium where Plaintiff resides.[6]  According to Plaintiff's Complaint, Plaintiff is trustee of a trust[7] which holds ownership of Unit 715 in the condominium complex located in Salt Lake City.[8]  Plaintiff asserts she has resided in Unit 715 since November 2005.[9]

While it is somewhat difficult to parse, Plaintiff's Complaint essentially alleges a number of grievances against her homeowners association and members of the board, some of whom are allegedly attorneys.   For example, Plaintiff alleges such things as:

> 45.    Attorneys on board of management (Atty KEELE-CALL) and in residence have a professional standard of integrity to assure lawful consideration of homes/real estate and assets-profits (particularly as having advertised as real estate, tax, business formation, estate trust attorney) and having had a real estate license.[10]

> 46.    Each has violated Utah professional standards and acted with malicious intent to defame plaintiff and cause intentional emotional harm by

---

[4] Docket nos. 8, 9, 10, 11, 18, 24, 29, 32.
[5] Docket no. 2.
[6] Docket no. 3.
[7] Plaintiff's status as "trustee" and her ability to bring suit on behalf of an artificial entity without an attorney has been challenged by Defendant in a separate motion to dismiss.  Docket no. 8.  Because the Court finds Plaintiff has failed to state a claim upon which relief can be granted, the Court found it unnecessary to reach the merits of Defendant's additional Motion to Dismiss.  However, in the event Plaintiff does re-file suit against Defendant either in this or in another forum, Plaintiff is to be cognizant of the rules regarding *pro se* representation of artificial entities.  See e.g. DUCivR 83-1.3(c)("Individuals may represent themselves in court. No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court.")
[8] Compl., docket no. 3 at ¶ 1, 3.
[9] Id. at ¶ 3.
[10] Id. at ¶ 45.

interference with contract, interference in community and family relationship by false and erroneous assertions in a reckless manner to obstruct inquiry and justice and induced or encouraged others on board to rely on their professional knowledge-opinion, and not seek outside counsel as provided in declaration and paid by assessments.[11]

Defendant, in its Motion to Dismiss, interpreted and summarized some of Plaintiff's additional complaints as follows:

(1) the Belvedere improperly incorporated as a non-profit corporation; (2) the Belvedere improperly executed a cell-phone tower lease space agreement; (3) the Belvedere has defamed her and intentionally caused Olson emotional distress; and (4) the Belvedere has improperly enforced the government documents. There appear to be other potential future damages that Olson mistakenly thinks may occur, such as the potential for the cell-tower lease to gain a prescriptive easement over the common areas.[12]

Plaintiff's Complaint also asserts claims against Defendant under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), the First, Fifth, Thirteenth, and Fourteenth Amendments to the Constitution of the U.S. Constitution, the Fourth Article of the Constitution, 42 U.S.C. § 1983, 1985 and 1986 and for declaratory relief under the Telecommunications Act of 1996. As mentioned above, Plaintiff also brings and/or cites numerous other state laws and legal theories in her Complaint.

## ANALYSIS

Because Plaintiff proceeds *pro se*, the Court will construe her Complaint liberally.[13] However, the Court's broad reading of Plaintiff's Complaint does not relieve her burden to allege facts sufficient to demonstrate that she has alleged adequate claims for relief.[14] The Court

---

[11] Compl., docket no. 3, at ¶ 46.
[12] Docket no. 7 at p. 3.
[13] See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); de Silva v. Pitts, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).
[14] See Hall, 935 F.2d at 1110 (requiring *pro se* plaintiff to allege sufficient, well-plead facts to support claim for relief).

further notes, it is not the proper function to assume the role of advocate for Plaintiff or any other pro se litigant.[15]

I.       **Motion to Dismiss for Failure to State a Claim**

Defendant seeks dismissal of Plaintiff's claims because Defendant argues this Court lacks jurisdiction because Plaintiff has failed to assert a cognizable federal question.   Specifically, Defendant asserts, "[e]ven accepting all of the myriad allegations in the complaint as true, there is no basis to bring a RICO claim or any constitutional claims against the Belvedere.  Once these claims are properly dismissed, this Court will lose subject matter jurisdiction and there is no diversity jurisdiction."[16]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17]  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."[18]  To withstand a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[19]  There are two working principles under this standard.  First, "…a court must accept as true all of the allegations contained in a complaint," but need not accept legal conclusions.[20]  "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer

---

[15] See id.
[16] Docket no. 7 at p. 3.
[17] F.R.C.P. 8(a)(2).
[18] F.R.C.P. 12(b)(6).
[19] Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011)(quoting Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007)).
[20] Id. (internal quotations omitted).

specific factual allegations to support each claim."[21]  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[22]

In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[23] "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]  Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable.  Moreover, "the complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."[25]

In addition to the requirements set forth above, the Court notes that "federal courts are courts of limited jurisdiction.  Where there is no diversity of citizenship between the parties (as in the instant case, both Plaintiff and Defendant reside in the state of Utah), a complaint must meet the requirements of federal-question jurisdiction set out in 28 U.S.C. § 1331, which gives federal courts jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States."  The general rule is that a case meets the "arising under" standard if it is apparent from the face of the complaint that federal law creates the plaintiff's cause of action.[26]

Here, the Court will analyze whether the Plaintiff has met the requirements of Rule 12(b)(6) for the federal causes of actions she has asserted in her Complaint. As Defendant points

---

[21] Id. (quoting Twombly, at 555).
[22] Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).
[23] Twombly, at 555.
[24] Iqbal, 556 U.S. at 679.
[25] Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(internal citations omitted).
[26] See Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation, No. 2:13-cv-123, 2013 WL 5954391 at *1 (D. Utah Nov. 5, 2013)(unpublished) (citing Franchise Tax Bd. of State of Cal. v Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

out, if Plaintiff has failed to state a federal claim, then her other state law claims will be outside

the jurisdiction of this Court.

### a.      RICO Claims

Under a section titled, "Statement of Jurisdiction and Venue," Plaintiff asserts "The

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2006),

prohibits a "person" from engaging in a "pattern of racketeering activity" in connection with the

acquisition, establishment, or conduct of an "enterprise.    Defendant argues "Plaintiff has not

properly asserted a claim under the RICO statute because Plaintiff has not alleged proper

predicate acts, has not alleged a pattern of acts, and has not alleged any acts affecting interstate

or foreign commerce."[27]

In order to state a claim under RICO, the plaintiff must allege '(1) conduct, (2) of an

enterprise, (3) through a pattern (4) of racketeering activity."[28]  Construing Plaintiff's Complaint

liberally and also taking the allegations in the Complaint as true, the Court finds that Plaintiff has

failed to allege that Defendant has violated the RICO statute.  At minimum, "[p]laintiff's are

required to assert, in good faith and subject to Rule 11, Fed. R. Civ. P. the RICO subsection or

subsections on which they rely and support each claim with allegations of act."[29]

Here, Plaintiff has failed to allege which part of the RICO statute Defendant has violated and

the Court agrees with Defendant's argument that "Olson has not alleged any conduct, or

predicate act, that satisfies the requirements of Section 1961(1)(defining "racketeering activity").

Although Plaintiff's Complaint uses words such as "obstruction of justice" or "threats" against a

witness, the Court agrees with Defendant that examination of such allegations make clear that

they do not rise to the level of obstruction of justice or threatening a witness under RICO.   In its

---

[27] Docket no. 7, at p. 7.
[28] Sedima, SPRL v. Imrex, Co. Inc., 473 U.S. 479, 496 (1985); 18 U.S.C. §1962.
[29] Glenn v. First National Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989).

current form, plaintiff's allegations are too vague and conclusory to state a claim under RICO. In addition, to the extent Plaintiff asserts "fraud" as the predicate act for violation of the RICO statute, the Court finds Plaintiff has not met the heightened pleading standard required in the Tenth Circuit.[30]   Therefore, although Plaintiff may feel her homeowners association is a "corrupt organization," she has not adequately set forth a claim under the federal RICO statute to survive Defendant's Motion to Dismiss.

### b.      Claims under U.S. Constitution and Sections 1983

Plaintiff has asserted claims under First, Fifth, Thirteenth and Fourteenth amendments to the United State Constitution.[31]   For example, Plaintiff alleges Defendant has committed

> Violations of Constitutional rights of person and property and assets by forcing owners to support such as cell tower that has not proved not to be an additional health hazard (magnetic wave frequency, etc.) along with security and adverse possession in easement prescription after a number of years which would be considerable loss except to those who may have special interests in acquisition and telecommunication interests.  In addition special wiring (electrical and cable is being introduced which along with elevator is additional carrier of magnetic wave frequency and with multitude of other devices acts as a carrier to introduce unhealthy levels in a condominium that is for residence[.]  It is prejudiced against Plaintiff and deny her Constitutional rights.[32]

Plaintiff's Complaint also alleges Defendant violated her rights under 42 U.S.C. § 1983 ("Section 1983").[33]   Section 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...subjects, or causes to be subjected, any citizen of

---

[30] See Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989)("we believe that the threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiff to frame its pleadings in such a way that will give defendant, and the trial court, clear notice of the factual basis of the predicate acts.  We believe this is particularly important in cases where the predicate fraud allegations provide the only link to federal jurisdiction.  Thus, we hold that Rule 9(b) requires particularity in pleading RICO mail and wire fraud.")

[31] Compl., docket no. 3 at ¶ 83. Plaintiff also asserts in this paragraph, the 4th Article to the Constitution of United States.

[32] Compl., docket no. 3 at ¶ 60.

[33] "Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory…" Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982).

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, to bring a complaint under Section 1983, a plaintiff "must allege that some person has deprived [her] of a federal right," and "that person who has deprived [her] of that right acted under color of state or territorial law."[34] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[35]  "'The <u>Twombly</u> standard may have greater bite' in the context of a § 1983 claim against individual government actors, because '[such actions] typically include complex claims against multiple defendants.'"[36]  "[I]t is particularly important in such circumstances that the complaint make clear-exactly *who* is alleged to have done *what* to *whom* to provide each individual with fair notice as to the basis of the claims against him or her…[.]"[37]  Accordingly, Plaintiff has the burden of pleading and proving that Defendant is a "state actor" for purposes of her Section 1983 claim.

Here, the critical question is whether Defendant, a homeowners association is a "state actor" under the U.S. Constitution and Section 1983.  As Defendant correctly notes, "there have been few courts that have considered whether a homeowner's association or condominium association is a state actor or acts under color of law." The Court was unable to find any case from this District or the 10th Circuit Court of Appeals that has dealt expressly with this issue. There is one case from the District Court in Colorado involving a homeowners association as a

---

[34] <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980)(internal citations omitted).
[35] <u>David v. City & Cnty of Denver</u>, 101 F.3d 1344, 1353 (10th Cir. 1996)(quotations and citations omitted).
[36] <u>Kansas Penn Gambling, LLC v. Collins</u>, 656 F.3d 1210, 1215 (10th Cir. 2011)(quoting <u>Bobbins v. Okla. ex rel. Dep't Human Servs.</u>, 519 F.3d 1242 (10th Cir. 2008)).
[37] <u>Id</u>.

Defendant that supports the proposition that "[w]hen a constitutional claim is asserted against private parties, to be classified as a state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating a federal right."[38]

Upon review of the cases Defendant cites to support its position,[39] and upon review of a recent decision from the United States District Court for the Central District of California, Yan Sui v. 2176 Pacific Homeowners Association,[40] which found a homeowners association is not a "state actor" for purposes of a Section 1983 claim citing precedent from the Ninth Circuit, the Court agrees with Defendants that, at least in this case, Plaintiff's homeowners association is not a state actor and therefore Plaintiff's claims under the Constitution, and Sections 1983 fail.

Like the present case, in Yan Sui, plaintiffs sued their homeowners association and one member of its governing board alleging the homeowners association violated their rights under Section 1983, 1981, the Fair Credit Reporting Act and various other state causes of action, including "civil conspiracy."[41] The action stemmed from the HOA allegedly wrongfully changing their governing documents in order to sanction the towing of plaintiffs disabled vehicle after it was parked in plaintiffs exclusive parking space for approximately four years.[42] The Court, noted the parties had not cited any controlling authority as to whether a California homeowners' association is or is not a state actor, nor had the Court been able to locate any case law. Therefore, the Court found as persuasive authority a case from the Ninth Circuit Court of

---

[38] Jordan v. Simones, No. 13-cv-01675-REB-MJW, 2014 WL 1133291 at *4 (D. Colo. Mar. 21, 2014)(unpublished)(holding defendant homeowners association was not a "state actor" for purposes of a Section 1983 claim where the Plaintiff sued the homeowners association for allegedly calling the police on Plaintiff leading to the police entering Plaintiff's home. Specifically, the Court reasoned, "[i]t is well-established that a private individual does not act under color of state law merely by reporting an alleged crime to police officers who then take action based on the report.")(internal citations omitted).

[39] Comm. For A Better Twin Rivers v. Twin Rivers Homeowners' Assn., 929 A.2d 1060, 1073 (2007); Davidson v. Seneca Crossing Section II Homeowners' Ass'n, Inc., 979 A.2d 260, 281 (2009).

[40] No. SACV 11-1340 JAK (AJW), 2012 WL 6632758 (C.D. Cal. August 30, 2012)(unpublished).

[41] Id. at *1.

[42] Id.

Appeals.[43]   The Court then found the homeowners association "did not perform the traditional and exclusive public function of municipal government."[44]   Moreover, "none of the cited...cases holds or implies that a California homeowners' association effectively exhibits 'all of the attributes of a state-created municipality and the exercise by [the homeowners association] of semi-official municipal functions as a delegate of the State,' such that the homeowners' association 'was performing the full spectrum of municipal powers and stood in the shoes of the State.'"[45]

Here, Plaintiff does not allege Defendant is acting in concert with a state actor nor is Defendant an agent of the State of Utah.  Moreover, like the Yan Sui case, Defendant does not perform the duties of a municipality.  Defendant is a Utah nonprofit corporation and "is a private association resulting from a contractual agreement between the homeowners within the building to facilitate communal living."[46]   The Court further finds that Plaintiff has not met her burden to plead facts which plausibly suggest that Defendant was acting under the color of state law or is a state actor.   Thus, Plaintiff has failed to plead facts satisfying an essential element of a Section 1983 claim.

   c.   **Section 1985 and 1986 Claims**

As to Sections 1985 and 1986, Plaintiff's Complaint states the following:
B.   Section 1986 provides:
Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented…

---

[43] Snowden v. Preferred RV Resort Owners Ass'n, 379 Fed. App'x 636, 637 (9th Cir. 2010).
[44] Id. at *11.
[45] Id. at *12 (internal citations and emphasis omitted).
[46] Docket no. 7 at. p. 14-15.

C.  The relevant violations in 42 U.S.C. § 1985 include "[o]bstructing justice; intimidating party witness or juror" and "[d]epriving persons of rights or privileges."
The plaintiff (owner) may have other claims for relief, If one can prove there was or is a conspiracy to deprive one of property without due process of law.  Under 42 U.S.C. § 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong)….

Here, again, the Court finds that Plaintiff has not specifically alleged which facts contained in the Complaint align with her causes of action under Sections 1985 and 1986.   The Court further agrees with Defendant's argument that Plaintiff's claim fails because "there is no allegation that the Belvedere attempted to deter Olson from testifying in any court of the United States" and "because there are no alleged predicate violations of 42 USC 1985, any claim made pursuant to 42 USC 1986 should also be dismissed."[47]

### d.    Telecommunications Act of 1996

Plaintiff's Complaint requests "Declaratory judgment from the Court declaring that the Telecommunications Act of 1996 (47 U.S.C. Section 1311 et. seq) does not pre-empt the plaintiff's from securing enforcement of their vested/property rights arising under restrictive covenants within a deed that give entrustment to owners"[48]  Although styled as "claim for declaratory relief" Plaintiff's request appears to be in anticipation of a potential defense Defendant may raise.  Plaintiff makes no specific claim under this statute.   For these reasons, Plaintiff's claim under the Telecommunications act fails.  "…[N]either anticipation by a plaintiff nor assertion by a defendant of a defense based on federal law—including a preemption defense—is enough to confer federal jurisdiction."[49]

---

[47] See docket no. 7.
[48] Compl., docket no. 3 at ¶ 34.
[49] Firtenberg v. City of Santa Fe, N.M., 696 F.3d 1018, 1025 (10th Cir. 2012); see id. at 1023 (citing Turgeau v. Admin. Review Bd., 446 F33d 1052, 1060 (10th Cir 2006)("Neither the defendant's assertion of a federal defense is sufficient to make the case arise under federal law."); see Devon Energy Prod. Co. v Mosaic Potash Carlsbad, Inc.,

### e.   Other Claims

In addition to her claims under federal law, Plaintiff's complaint repeatedly uses the term "First Cause of Action" to describe alleged violations of law and Plaintiff's rights.  Plaintiff's Complaint also cites violations of Professional Rules of Conduct and other state civil and criminal statutes.  For example,

> 5.   Plaintiff brings this complaint and action to obtain equitable and other relief to restrain the defendant (S) from continuing Misrepresentation and Misappropriation—ultra vires acts in violation of Utah Code Ann. Real Estate 57-8; Utah Constitution, Usa.  Plaintiff is affirming rights and privileges to secure the rights of person, and assets, and property protected by Declaration and Bylaws as recorded County Recorders's office, Salt Lake for the use and benefit of individual unit owner under Rules Federal Procedure, Title: Parties. Derivative 23.1, and Unincorporated Association 23.2.[50]

> 52.   … Plaintiff seeks Declaratory and Injunctive Relief to Void Ultra Vires Act Corporation, formed in violation of Utah Condominium Ownership Act 57-8 and Declaration and Bylaw and Utah Constitution, usa for honorable protections and lawful considerations in her personal rights, and her family interests, her home and property and community interests and related assets.  Plaintiff seeks relief from Intimidation against witness using a position of trust or confidence using undue influence. Criminal defamation under Utah Code 76-5-Section 111.

> 79.   First Cause of Action.  Injunctive Relief, Declaratory Relief. VOID CORPORATION:   RESTRAIN   MISREPRESENTATION,   FRAUD MISAPPROPRIATION.
> Plaintiff incorporates all of the above, and includes the following in cause of Action:  Deceit and Fraudulent Representation.
> FIRST CAUSE OF ACTION:  Breach of Contract (good faith and fair dealing) CONVERSION.

> 102.   Plaintiff is senior and has precious years left and would need to relocate to remove from the cause of loss of health and effects and lengthy litigation potential involved.  Plaintiff has and is suffering serious loss of heritage includes early pioneers who actually owned this property when it was first land patented.

---

693 F.3d 1195, 1202 (10th Cir. 2012)("To determine whether [a] claim arises under federal law, [courts] examine the well[-]pleaded complaint allegatinos of the complaint and ignore potential defenses…")(internal citations and alterations omitted).
[50] Compl., docket no. 3 at ¶ 5.

CAUSE OF ACTION CRIMINAL OR GROSS NEGLIENCE (NEGLIENCE PER SE) Criminal Negligence Utah Code 76.2.101 (Conduct prohibited by law) The persons act constitute and offense concerning strict liability.

Upon review, the Court finds it is not entirely clear from the Complaint what facts support which cause of action and even which causes of action are actually being brought.  There are many instances in the Complaint where Plaintiff merely recites statutes and elements of causes of action but does not recite specific facts that support each "cause of action."[51]  The Court will not assume the role of Plaintiff's advocate and search through the several pages of Plaintiff's Complaint in order to attempt to match the factual assertions with the stated causes of action brought under state law.  Neither will the Court require defendants to "piece" together the Plaintiff's Complaint.

Thus, in addition to finding that Plaintiff has failed to state a claim for relief under the federal causes of action alleged in her Complaint, the Court also finds that Plaintiff failed to allege any plausible causes of action under the state statutes and other legal theories contained within the Complaint.   The Court further finds it is unlikely Plaintiff can muster enough factual support to make her claims plausible beyond the speculative level in order to survive a Motion to Dismiss.[52] Thus, under Rules 8 and 12(b)(6), Plaintiff's Complaint fails to provide a short, plain statement upon which relief can be granted as to her state law causes of action.

II.     **Motion to Amend Complaint**

As discussed above, the Court is unable to discover any valid federal claim in Plaintiff's Complaint and therefore dismisses it without prejudice.  "After a motion to dismiss has been granted, plaintiffs must first reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15, and properly apply to the court for leave to amend by

---

[51] See e.g. ¶¶ 32-33, 58-60.
[52] See Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

means of a motion which in turn complies with Rule 7."[53] However, the Court notes that Plaintiff

has filed a Motion to Amend her Complaint.[54]

Under Rule 15 of the Federal Rules of Civil Procedure, when a party seeks to amend a

pleading other than as a matter of course, it "may amend its pleading only with the opposing

party's written consent or the court's leave.  Here, although Plaintiff may have been able to

amend her complaint as a matter of course,[55] Plaintiff nevertheless sought leave from the Court

to amend her Complaint.  Therefore, the court should freely give leave when justice so

requires."[56]  In assessing a Motion to Amend, "[t]he Supreme Court has indicated that district

court's may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allocations of the amendment [or]

futility of [the] amendment.'"[57]

Here, upon review of Plaintiff's Motion to Amend and Defendants' response, the Court

finds for the reasons set forth in the Defendant's opposition memorandum, Plaintiff's proposed

amendments do not cure the jurisdictional and other deficiencies contained in her original

complaint and the amendments sought by Plaintiff would be futile.   In addition, Plaintiff has

failed to follow the procedural requirements of DUCivR 15-1, which requires a copy of the

proposed amended complaint to be attached to her motion.  Therefore, the Court DENIES

Plaintiff's Motion to Amend.

---

[53] Glenn, 868 F.2d at 371 (10th Cir. 1989).
[54] Docket no. 25.
[55] See Glenn, at 370 (finding F.R.C.P. 15(a) provides that a party may amend its pleadings once as a matter of
course at any time before a responsible pleading is served.  A motion to dismiss is not a recognized pleading under
F.R.C.P. 7(a).  Therefore, "[a]ppellants could have amended as of *right* after they received the motion to dismiss and
prior to the trial court's decision.")
[56] See F.R.C.P. 15.
[57] U.S. ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009)(internal citations omitted).

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1)  Defendant The Belvedere Association's Motion to Dismiss for failure to state a

    claim[58] is GRANTED *without prejudice*.

2)  Plaintiff's Motion to Amend Complaint[59] is DENIED.

3)  All other outstanding motions[60] are HEREBY DEEMED MOOT.

The Clerk of Court is directed to close the case.

DATED this 2d day of April, 2015.


BY THE COURT:


DALE A. KIMBALL
United States District Court Judge

---

[58] Docket no. 7.

[59] Docket no. 25.

[60] Docket nos. 8, 9, 10, 11, 18, 24, 29, 32.