IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CAMILLIA D. OLSON**, *an individual, Trustee Unit #715, Parcel No. 16-06-103-123-000, Member The Belvedere Association, An Association of Unit Owners under the Utah Condominium Ownership Act,*<br><br>**Plaintiff,**<br>v.<br><br>**THE BELVEDERE ASSOCIATION**, *Entity No. 5984477-01430 Utah Div. Corp., also known as Belvedere Condominiums, also known as The Belvedere HOA.*<br><br>**Defendant.** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-cv-527-DAK-BCW<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Set Aside Judgment. Defendant opposed Plaintiff's motion, and the time for Plaintiff to file a reply memorandum has passed. The court, therefore, considers the motion fully briefed. Pursuant to local rule DUCivR 7-1(f), the court will determine this motion on the basis of the written memoranda.

On April 1, 2015, the court entered Judgment in this case in favor of Defendants, based on the court's March 26, 2015 Memorandum Decision and Order ("Order"). The court's Order found that Plaintiff had failed to state a claim for relief and amendment would be futile. Plaintiff seeks to set aside this court's Judgment and Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds for relief from a final judgment or order, including mistake, newly discovered evidence, fraud, the judgment is void, the judgment is satisfied, and any other reason that justifies relief. Fed. R. Civ. P. 60(b). However, relief under Rule 60(b) "is extraordinary and may only be granted in

exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). In addition, a plaintiff may not merely rehash arguments that were already addressed and ruled on by the court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

      A majority of the arguments in Plaintiff's motion are a recitation of her previous arguments that the court already considered and rejected. Disagreement with the court's prior order does not provide grounds for setting aside the Judgment or Order. In addition, her claims that Defendants have intentionally failed to disclose relevant information in order to obstruct justice are conclusory and fail to demonstrate fraud or misrepresentations by Defendants. Plaintiff further asserts that the court's decision demonstrates that it was biased against her. However, the court merely applied the facts alleged in her Complaint to the relevant law. An adverse decision does not demonstrate a prejudice against the losing party. Therefore, the court finds no basis for setting aside its prior Order or the Judgment based on that Order. Accordingly, Plaintiff's Motion to Set Aside Judgment is DENIED.

      DATED this 29th day of May, 2015.

                              BY THE COURT:

                              _____
                              DALE A. KIMBALL
                              United States District Court Judge